# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | |
| ) | **JUDGE RICHARD L. SPEER** |
| Gibran Bedra ) | |
| ) | Case No. 08-3027 |
| Debtor(s) ) | |
| ) | (Related Case: 07-33788) |
| Gibran Bedra ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Direct Loan Service System, et al. ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion of the Defendant, KeyBank, N.A., for Summary Judgment and Memorandum in Support. (Doc. No. 20). The Defendant's Motion for Summary Judgment is brought against the Plaintiff/Debtor's Complaint to Determine the Dischargeability of a student-loan obligation under 11 U.S.C. § 523(a)(8). (Doc. No. 1). In response, the Debtor requested and was then granted an extension of time in which to respond to the Defendant's Motion for Summary Judgment. (Doc. No. 21 & 22). However, within the time frame set by the Court, no response was filed. Based upon this procedural posture, and for the reasons stated herein, the Court is prepared to enter judgment in the Defendant's favor, but will delay doing so, affording the Plaintiff one last opportunity to respond.

**Gibran Bedra v. Direct Loan Service System, et al.**
**Case No. 08-3027**

## DISCUSSION

In this adversary proceeding, the Plaintiff/Debtor, Gibran N. Bedra, seeks a determination that his educational obligations are dischargeable debts in bankruptcy based upon the "undue hardship" standard set forth in 11 U.S.C. § 523(a)(8). Determinations concerning the dischargeability of particular debts are deemed to be "core proceedings." 28 U.S.C. § 157(b)(2)(I). And as a "core proceeding," Congress has conferred upon this Court jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

There are four defendants in this action: Direct Loan Service System; Transcon Financial; Key Bank; and the University of Toledo. (Doc. No. 1). The Summary Judgment Motion now before the Court involves only the Defendant, Key Bank. Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, sets forth the standard for a summary judgment motion and provides for, in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The purpose of summary judgment is to eliminate the need for a trial where it would be unnecessary and would merely result in delay and added expense for the litigants. *National Bank of Detroit v. Shelden*, 730 F.2d 421, 435 (6th Cir. 1984).

In bankruptcy, student loans may only be discharged if a debtor is able to establish, pursuant to § 523(a)(8), that repaying the loan "would impose an undue hardship on the debtor and the debtor's dependents . . . ." It is a debtor's burden to establish the existence of "undue hardship." *Pa. Higher Educ. Assistance Agency v. Faish (In re Faish)*, 72 F.3d 298, 306 (3rd Cir. 1996). This burden is met by establishing the existence of each of the following three prongs in what has become to be known as the Brunner Test:

Page 2

> (1) That the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans;
>
> (2) The additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans;
>
> (3) That the debtor has made good faith efforts to repay the loans.

*Oyler v. Educ. Credit Mgmt. Corp.*, 397 F.3d 382, 385 (6th Cir. 2005), *citing Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2nd Cir.1987).

Whether the elements of the Brunner Test are met is a factually intensive inquiry, determined on a case-by-case basis. *Kapinos*, 253 B.R. 709 (Bankr. W.D.Va. 2000). As a practicable matter, this makes a debtor's burden of raising a genuine issue of material fact less demanding when faced with a motion for summary judgment brought by a creditor on the issue of undue hardship. In this regard, such a debtor is accorded the benefit of the doubt as to all factual evidence and all reasonable inferences must be drawn in the debtor's favor. *See, e.g., Meyers v. Columbia/HCA Healthcare Corp.*, 341 F.3d 461, 466 (6th Cir. 2003). Therefore, unless the facts are fully developed and undisputed, the entry of summary judgment against a debtor on the issue of "undue hardship" is generally not appropriate at the summary-judgment stage. *See, e.g., In re Gallagher*, 333 B.R. 169 (Bankr. D.N.H. 2005).

At the same time, a party who fails to properly respond, when faced with a summary judgment motion, does so at their own risk. Rule 56(e) goes on to provide:

> Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts

Page 3

Gibran Bedra v. Direct Loan Service System, et al.
Case No. 08-3027

> showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

FED.R.CIV.P. 56(e)(2). Additionally, where, as here, the nonmoving party carries the burden of proof at trial, the party moving for summary judgment carries a comparatively less difficult burden, and can establish its right to summary judgment by presenting evidence negating an essential element of the nonmoving party's claim or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden at trial. *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986).

In this case, the Movant, KeyBank, N.A., has made a well-supported motion for summary judgment, tending to show that the Debtor would not be able to sustain his burden at trial. In this way, the evidence before the Court, including the Debtor's Answers to Interrogatories, shows as follows:

> The Debtor is voluntarily unemployed, having admitted that he quit his job for the sole reason, and one which is facially unsatisfactory, that he needed to be present in Toledo for the purpose of prosecuting this case. (Doc. No. 20, Ex. No. 3, at pg. 7). *See Hertzel v. Educ. Credit Mgmt. Corp. (In re Hertzel)*, 329 B.R. 221, 228 (6th Cir. B.A.P. 2005) (existence of undue hardship may turn on whether debtor made good faith attempt to maximize their income).

> Prior to leaving his employment, the Debtor showed a surplus in his monthly budget of $300.00 per month, thus affording him some ability to repay his student-loan obligations. *In re Clark*, 341 B.R. 238, 249-50 (Bankr. N.D.Ill. 2006) (availability of disposable income is indicative of ability to pay under the Brunner test).

> The Debtor does not suffer from any medical condition which would impede his ability to maintain employment. *Chime v. Suntech Student Loan (In re Chime)*, 296 B.R. 439, 445 (Bankr. N.D.Ohio 2003) (a debilitating medical condition, regardless of whether it is physical or mental in origin, commonly forms the basis of a § 523(a)(8) undue hardship analysis).

Page 4

Gibran Bedra v. Direct Loan Service System, et al.
Case No. 08-3027

> The Debtor has no other common indicia of undue hardship. For example, the Debtor is still young, 32 years of age, and has no dependents. *In re Boyd*, 254 B.R. 399, 404 (Bankr. N.D.Ohio 2000) (finding lack of undue hardship, court took into consideration that the debtor was young, healthy and had no dependents.); *In re Fraley*, 247 B.R. 417, 421 (Bankr. N.D.Ohio 2000) (same).
>
> Finally, there is no indication that the Debtor sought to deal in good faith with the Defendant such as by taking steps to pay his educational debt.

Once a movant establishes their requisite burden for summary judgment, the Court is not required to search the record to discern a genuine issue of triable fact. Rather, it becomes the nonmovant's burden to supplement the record of the case and point the Court to those facts which create a triable issue. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). In doing so, the nonmovant must present more than a mere scintilla of evidence; to survive a motion for summary judgment, "there must be evidence on which the jury could reasonably find for the plaintiff." *Klepper v. First Am. Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).

In this case, the Court has nothing of substance before it that would tend to contradict the Defendant's well-supported Motion for Summary Judgment wherein it was shown that the Debtor would not incur an "undue hardship" if required to repay his student loans. At the onset, the only allegation made in the Plaintiff's Complaint concerning the existence of "undue hardship" was this bare, unsupported legal conclusion: that his student-loan "debts be declared dischargeable, because excepting such debt from discharge under this paragraph will impose an undue hardship on the Plaintiff and the Plaintiff's dependents." (Doc. No. 1, ¶ 8). Moreover, Debtor's legal counsel, despite requesting and then having been afforded by the Court the opportunity to respond to the Defendant's Motion for Summary Judgment, has placed nothing before the Court which would tend to contradict the findings as outlined herein.

Page 5

Gibran Bedra v. Direct Loan Service System, et al.
Case No. 08-3027

In fact, the only point possibly bearing favorably for the Debtor was indirectly supplied by the Defendant when, in supporting its motion, it provided a copy of the Debtor's Answers to Interrogatories. Therein, when asked what forces or unique circumstances prevent repayment of the student loan, the Debtor set forth: at one of the educational institutions he attended, he did not receive the training he was promised, the school having closed while he was in attendance. (Doc. No. 20, Ex. No. 3, at pg. 18). However, even assuming this to be true, where a debtor has not made an effort to repay his educational debt, this Court has rejected such an argument, explaining:

> All this is not to say that the untimely closure of a debtor's educational institution cannot be considered by a court in an "undue hardship" analysis under § 523(a)(8). The requirement of good faith, as set forth in the Brunner Test, is sufficiently malleable to cover a wide array of conditions. However, the premature closure of a debtor's school is but one factor for a court to consider, and in this matter, cannot stand against those concerns already mentioned, particularly the Debtor's lack of serious effort to repay her student loan.

*In re Gregory*, 387 B.R. 182, 189 (Bankr. N.D.Ohio 2008) (internal citation omitted).

For these reasons, the Court, with no response having been filed by Debtor's counsel, can only come to the conclusion that the Debtor would not be able to establish his burden on the issue of "undue hardship" at trial. Therefore, as strictly a matter of procedure, the Court is compelled to enter judgment in favor of the Defendant, KeyBank, N.A.

Notwithstanding, based upon the unfavorable view, as set forth *supra*, accorded to resolving "undue hardship" determinations at the summary judgment stage, and so as not to penalize the Debtor for what may be an oversight of his counsel, the Court will delay entry of judgment until Tuesday, January 13, 2009, so as to afford the Debtor the opportunity to respond. 11 U.S.C. § 105(a) (The court may issue any order, process, or judgment that is necessary or appropriate to carry out the

Page 6

Gibran Bedra v. Direct Loan Service System, et al.
Case No. 08-3027

provisions of this title.). If no response is filed, or if the response does not refute the findings made herein, judgment will then be entered in the Defendant's favor instanter.

Accordingly, it is

**ORDERED** that the Plaintiff/Debtor, Gibran Bedra, is hereby afforded until Tuesday, January 13, 2009, to file a response to the Defendant's Motion for Summary Judgment.

Dated: December 30, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 7

08-03027-rls    Doc 27    FILED 12/30/08    ENTERED 12/30/08 15:34:05    Page 7 of 9

# *CERTIFICATE OF SERVICE*

Copies were mailed this 30 day of December, 2008 to:

Gibran N. Bedra
2044 Arlington
Apt. #2
Toledo, OH 43609

Gordon R Barry
930 Spitzer Bldg
Toledo, OH 43604

Direct Loan Service System
P.O. Box 5609
Greenville, TX 75403-5609

Key Bank
Attn: Legal Dept.
P.O. Box 5788
Cleveland, OH 44101-0788

Brian M Childs
100 Summer St
Boston, MA 02110

Randall Engwert
300 Madison Avenue
Suite 1600
Toledo, OH 43604

Peter N. Tamposi
900 Elm St
Manchester, NH 03101

Transcon Financial
12012 Southshore Blvd.
Wellington, FL 33414-6203

Robert G. Young
U.S. Department of Education
Office of the U.S. Attorney
433 N. Summit Street
Suite 308
Toledo, OH 43604

William J. Edwards
United States Attorney
Four Seagate, Suite 308
Toledo, OH 43604-2624

University of Toledo
2801 W Bancroft Street
Toledo, OH 43606

                                                     /s/Jennifer S Huff
                                       Deputy Clerk, U.S. Bankruptcy Court